IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| CHRISTY L. BRANDON, Chapter 7 Trustee for Estate of Muriel J. Simmons, | ) ) ) | CV 12-99-M-DWM |
| Plaintiff/Appellant | ) ) ) ) | |
| vs. | ) ) | ORDER |
| GMAC MORTGAGE LLC; MOUNTAIN WEST BANK N.A.; DOUGLAS W. KIKKERT; MILODRAGOVICH, DALE, STEINBRENNER & NYGREN P.C.; and MURIEL J. SIMMONS | ) ) ) ) ) ) | FILED OCT 2 5 2012 Clerk, U.S District Court District Of Montana Missoula |
| Defendants/Appellees. | ) ) | |

Christy Brandon, the bankruptcy trustee for the estate of Muriel Simmons, appeals the Bankruptcy Court's decision in this case. The Bankruptcy Court concluded that the trust indenture for Simmons's real property should be construed as a mortgage under Montana Code Annotated § 71-1-321. Brandon argues that the trust indenture should not be construed as a mortgage under *Amsterdam Lumber v. Dyksterhouse*, 586 P.2d 705 (Mont. 1978) and *Earls v. Chase Bank of Texas, N.A.*, 59 P.3d 364 (Mont. 2002). Brandon's argument fails, though, and the Bankruptcy Court is affirmed for the reasons set forth below.

1

## BACKGROUND

The Bankruptcy Court entered a detailed account of the facts in this case, and the parties do not dispute that account. The facts are restated here only when necessary to explain the decision.

Simmons filed her Chapter 7 bankruptcy petition on September 30, 2011. Brandon is the Chapter 7 trustee. The bankruptcy estate includes a 77 acre piece of real property that includes a home, barn, outbuildings, and extra building site. GMAC and Mountain West Bank claim security interests in this property through trust indentures. Both trust indentures are intended to be trust indentures under Montana's Small Tract Financing Act, Mont. Code Ann. §§ 71–1–301 to 71–1–321.

While the parties intended the trust indentures would be subject to Small Tract Financing Act, the Bankruptcy Court concluded that they were not because the size of the real property at issue—77 acres—exceeds the Act's 40-acre limit. *See* Mont. Code Ann. §§ 71–1–302, 71–1–304. Since the property exceeds the 40-acre limit, the Bankruptcy Court construed it as a mortgage not subject to the Act's provisions.

## STANDARD

The Bankruptcy Court's factual findings are reviewed for clear error, and its

legal conclusions are reviewed de novo. *In re Eber*, 687 F.3d 1123, 1126 (9th Cir. 2012).

## ANALYSIS

The question here is whether the Bankruptcy Court correctly concluded that the trust indenture should be construed as a mortgage under Montana Code Annotated § 71–1–321. Its analysis is correct.

Montana Code Annotated § 71–1–321 provides:

> The Small Tract Financing Act of Montana does not invalidate or preclude the use in this state of instruments, sometimes denominated deeds of trust, trust deeds, or *trust indentures, which are not executed in conformity with this part,* but in which a conveyance for security purposes is made to a trustee or trustees for the benefit of one or more lenders. Such instruments are considered to be mortgages and are subject to all laws relating to mortgages on real property. Every such instrument, recorded as prescribed by law, from the time it is filed for record is constructive notice of its contents to subsequent purchasers and encumbrancers.

(Emphasis added).

The Bankruptcy Court found the language of the statute is clear—trust indentures are "considered to be mortgages" if they are "not executed in conformity with [the Small Tract Financing Act]." Consequently the trust indenture must be construed as a mortgage because the property exceeds the size limitation in the Small Tract Financing Act.

3

On appeal, Brandon argues that the parties intended to execute the trust indenture under the Small Tract Financing Act and, therefore, the trust indenture was "executed in conformity" with the Act.[1] (*See* Brandon's Reply Br., doc. 9 at 8.) She also argues that "[t]he correct characterization of the lenders' instruments, therefore, is that they are defective, statutory trust indentures." (*Id.* at 7.)

The argument misses the mark. The trust indentures are "defective" precisely because they were not executed in conformity with the Act. Good intentions to comply with a statute do not mean that the instrument actually complies.

The trust indenture does not conform with the Act. The Act authorizes trust indentures in lieu of mortgages only for estates that are 40 acres or less. Mont. Code Ann. §§ 71-1-302, 71-1-304. The undisputed facts show that the trust indenture here encompasses an estate that is 77 acres. This means the trust indenture does not conform with the Act, regardless of the parties' intent.

The Legislature contemplated these kinds of circumstances and since the trust indenture does not conform with the Act, the balance of Section 71-1-321 applies. Thus, the trust indenture is "considered to be [a] mortgage[ ] and [is]

---

[1] Brandon does not argue that the trust indentures are void or should be rescinded under a theory of mutual mistake of fact. *See generally Kruzich v. Old Republic Ins. Co.*, 188 P.3d 983 (Mont. 2008).

4

subject to all laws relating to mortgages on real property." Mont. Code Ann. § 71-1-321.

In *Amsterdam Lumber*, 586 P.2d 705, the Montana Supreme Court held that a trust indenture for a tract that exceed the statutory size limit was not a statutory trust indenture covered by the Act. *Id.* at 705. Nor was it construed as a mortgage, since it did not meet the definition under the Act. *Id.* Instead, the Court held that the trust indenture must be treated as an equitable mortgage and enforced between the parties as an equitable lien. *Id.* at 710–11. The Court further held that "the lien of such defective trust indenture is subordinate to the claims of subsequent encumbrancers and of judgment creditors who extended credit subsequent to the date of the instrument, without actual knowledge of the existence of the indenture." *Id.*

While the Supreme Court's holding in *Amsterdam Lumber* stands in contradistinction to Section 71-1-321, the statute was enacted after *Amsterdam Lumber*. Under *Amsterdam Lumber*, a trust indenture that does not conform with the Act is treated merely as an equitable mortgage. But, under Section 71-1-321, the non-conforming trust indenture is treated as a statutory mortgage "subject to all laws relating to mortgages on real property."

Because Section 71-1-321 was enacted after *Amsterdam Lumber*, the

5

Montana Supreme Court would likely hold the statute controls. The Bankruptcy Court correctly concluded that the trust indenture must be "considered to be [a] mortgage[ ] and [is] subject to all laws relating to mortgages on real property." Mont. Code Ann. § 71–1–321.

Nor does the Montana Supreme Court's decision in *Earls*, 59 P.3d 364, have any impact here. *Earls* does not invalidate Section 71–1–321. In *Earls* the Montana Supreme Court held that a trust indenture was void *ab initio* where the lender failed to strictly comply with the statutes governing homestead exemptions. That statute was repealed, and is inapposite here. The plain language of Section 71–1–321 states that trust indentures that do not comply with the Small Tract Financing Act are "considered to be [a] mortgage[ ] and [is] subject to all laws relating to mortgages on real property." *Earls* does not change that.

Finally, it is unnecessary to address the question of whether Section 71–1–321 creates a "safe harbor" for lenders. The statute is unambiguous, and Brandon's remedy for any alleged "safe harbor" lies with the Legislature, not the courts.

## CONCLUSION

The Bankruptcy Court correctly concluded that the trust indenture here should be construed as a mortgage under Montana Code Annotated § 71–1–321.

IT IS ORDERED that the Bankruptcy Court's decision and order dated May 24, 2012, is AFFIRMED.

Dated this 25 day of October 2012.

Donald W. Molloy, District Judge
United States District Court